UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MARLON LERONE CLARK,

    Petitioner,

v.

BRIAN FROSH, *Attorney General of the State of Maryland*, and
KEVIN P. GUISTWITE, *Executive Director, Child Support Administration*,

    Respondents.

Civil Action No.: TDC-22-1694

**MEMORANDUM ORDER**

On July 8, 2022, self-represented Petitioner Marlon Lerone Clark filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging that he is being denied his constitutional rights because an order issued by the Circuit Court for Prince George's County, Maryland directs him to make child support payments and inform the court of any changes to his employment and residential address. Clark seeks to have the order vacated and to have his payments returned.

Habeas relief under 28 U.S.C. § 2254 is available to "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(d) (2018). A petitioner who was put in jail for civil contempt for failure to pay child support could meet this requirement. *See Leonard v. Hammond*, 804 F.2d 838, 842-43 (4th Cir. 1986). Here, Clark's state court case is a civil case. While contempt proceedings have been initiated against him in the past, it does not appear that they have ever resulted in Clark's incarceration. *See Thomas v. Clark*, No. CAP14-10678 (Cir. Ct. for Prince George's Cnty.) at http://casesearch.courts.state.md.us/casesearch/ (last visited July 12, 2022). According to the docket sheet, a petition for contempt was issued on March 4, 2015, but it was

discharged for lack of service on May 11, 2015. A second petition for contempt, issued August 3, 2015, was dismissed without prejudice on April 19, 2016. A third petition for contempt, issued November 8, 2017, was dismissed without prejudice on March 7, 2018. Currently, contempt proceedings appear to be pending against Clark pursuant to a petition for contempt filed on September 3, 2021. A hearing on the contempt petition and on child support compliance is currently scheduled for December 7, 2022. If Clark were to be placed in custody following that hearing, he may have a cognizable claim under 28 U.S.C. § 2254. However, as Clark has not been, and is not currently, in custody, habeas relief is not available.

Regardless of whether Clark satisfies the "in custody" requirement, the Petition must be dismissed because he has failed to exhaust state remedies as required by 28 U.S.C. § 2254(b)(1). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. *See Thompson v. Peyton*, 406 F.2d 473, 474 (4th Cir. 1968). Contrary to his assertion that "there an absence of available State corrective process that would allow me to redress these issues in state court and fulfill the 'exhaustion' requirement[,]" Pet. at 10, ECF No. 1, Clark could file such an appeal but has failed to do so. *See e.g., Walter v. Gunter*, 788 A.2d 609, 612 (Md. 2002) (considering an appeal of a child support order and discussing the standard of review on appeal); *Arrington v. Dep't of Hum. Res.*, 935 A.2d 432, 434, 449 (Md. 2007) (considering and resolving the appeal of a sanction imposed after a father was found in civil contempt); *Bryant v. Howard Cnty. Dep't of Soc. Servs. ex rel Costley*, 874 A.2d 457, 463, 466 (Md. 2005) (considering an appeal of a finding of civil contempt for non-payment of child support even when no sanction was imposed). To the extent that the order against Clark was improper, he could have appealed to the Maryland Court of Special Appeals. Because he failed to do so, the Petition must be dismissed for failure to exhaust state remedies. 28 U.S.C.§ 2254(b).

To the extent the Petition seeks a general writ under 28 U.S.C. § 1651, it is properly construed as seeking mandamus relief in connection with a child support order. Such a request fails because federal courts do not have mandamus jurisdiction over state and county employees, such as Respondents in this case. *See Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587 (4th Cir. 1969). In addition, a writ of mandamus is a "drastic remedy to be used only in extraordinary situations" where there are no other means by which the relief sought could be granted. *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987).

For these reasons, the Petition for Writ of Habeas Corpus must be dismissed without prejudice. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. Because this Order is a final order adverse to the applicant, Clark must receive a certificate of appealability before an appeal may proceed. 28 U.S.C. § 2253(c)(1). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the Court finds that this standard has not been met and thus declines to issue a certificate of appealability. Clark may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. See Fed. R. App. P. 22(b).

Accordingly, it is hereby ORDERED that:

1. Clark's Petition for a Writ of Habeas Corpus, ECF No. 1, is DISMISSED WITHOUT PREJUDICE.
2. The Court declines to issue a certificate of appealability.
3. The Clerk is directed to CLOSE this case and to MAIL a copy of this Order to Clark.

Date: July 21, 2022

THEODORE D. CHUANG
United States District Judge