UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MARLON LERONE CLARK,

    Petitioner,

v.

KEVIN P. GUISTWITE, *Executive Director, Child Support Administration*, and
BRIAN FROSH, *Attorney General of the State of Maryland*,

    Respondents.

Civil Action No.: TDC-22-1694

**MEMORANDUM ORDER**

On July 21, 2022, this Court issued a Memorandum Order dismissing without prejudice self-represented Petitioner Marlon Lerone Clark's Petition for a Writ of Habeas Corpus. On August 4, 2022, Clark filed a Motion to Vacate Order and Reopen Case or Other Relief pursuant to Federal Rule of Civil Procedure 60(b)(4). For the reasons set forth below, the Motion will be denied.

Under Rule 60(b), a motion seeking relief from a final judgment may be granted for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, is no longer equitable, or is based on an earlier judgment that has been reversed; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). As to Rule 60(b)(4) specifically, "a judgment is not void merely because it is erroneous"; rather "[i]t is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Schwartz*

*v. United States,* 976 F.2d 213, 217 (4th Cir.1992). "[W]here a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion 'is not authorized by Rule 60(b).'" *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (quoting *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982)). Upon review of Clark's Motion, the Court finds that none of the bases for granting a Rule 60(b) motion have been satisfied. The Court therefore will not vacate the order.

Alternatively, Clark asks this Court to reconsider its prior order by construing the Petition as a complaint filed pursuant to 42 U.S.C. § 1983. A Petition for a Writ of Habeas Corpus, however, is a special proceeding with unique filing requirements and a substantially lower filing fee than for other civil cases. *See* D. Md. Local R. 112. To the extent that Clark wishes to file a civil lawsuit pursuant to § 1983, he must file a new case and pay the filing fee of $402 or file a motion to proceed *in forma pauperis*. The Court notes, however, that even if the Petition were construed as a § 1983 action, it fails to state a plausible claim for relief, among other reasons, because as presently drafted it does not provide sufficient facts describing how the named defendants personally participated in the alleged constitutional violation. *See Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018). The Court also notes that any § 1983 case must be filed within three years of the date of the occurrence underlying the claim. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101 (West 2020); *Owens v. Balt. City State's Atty's Office*, 767 F.3d 379, 388 (4th Cir. 2014). Clark should file a new civil action only if he can assert sufficient facts to support a finding of a constitutional violation, name defendants who personally committed the violation, and fairly conclude that his claim is not time-barred.

Accordingly, it is hereby ORDERED that:

1. Clark's Motion to Vacate Order and Reopen Case or Other Relief, ECF No. 3, is DENIED.

2. The Clerk is directed to CLOSE this case and to MAIL a copy of this Order to Clark.

Date: August 12, 2022

THEODORE D. CHUANG
United States District Judge